**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

DAMION BURNS,                                   :
                                                :
              Plaintiff,                        :
                                                :
v.                                              :        Case No. 1:24-cv-154-LAG-ALS
                                                :
ERIC BRYANT, *et al.*,                          :
                                                :
              Defendants.                       :

---

**REPORT AND RECOMMENDATION**

Plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983 on August 10, 2024. (Doc. 1). Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 29). For the reasons which follow, the Court recommends that Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies, and that Plaintiff's Recast Complaint be dismissed.

**Background**

Plaintiff alleges in relevant part that he was detained in Sumter County Law Enforcement Center ("Sumter") in Americus, Georgia, from July 4, 2024 to October 10, 2024. (Doc. 8, at 5). Plaintiff contends that the dorm in which he was held was "unfit to live in[,]" due to mold, the lack of cleaning supplies, and insect infestation. *Id*. Plaintiff asserts that he developed a "staph infection and strep infections" on his genitals due to the unsanitary conditions. *Id*. at 5-6. Plaintiff seeks damages. *Id*. at 8. On preliminary review of the Recast Complaint, the Court allowed Plaintiff's Fourteenth Amendment claims for deliberate indifference to safety against Defendants Sheriff Bryant, Lieutenant Wakefield, and Captain Mason to proceed for further factual development. (Doc. 14).

**Discussion**

Defendants filed a Motion for Summary Judgment, arguing in relevant part that Plaintiff's Recast Complaint should be dismissed because Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") due to Plaintiff's failure to exhaust his administrative remedies. Alternatively, they also argue that the Eleventh Amendment bars Plaintiff's official capacity claims, that they are entitled to qualified immunity on Plaintiff's individual capacity claims, and that because Plaintiff did not suffer more than *de minimis* harm, he cannot recover compensatory or punitive damages. (Doc. 29-1). Despite being notified (Doc. 30) of his right and obligation to respond to Defendants' Motion for Summary Judgment, Plaintiff did not file a response. This matter is ripe for review. The Court agrees that Plaintiff failed to exhaust his administrative remedies, and it recommends that Defendants' Motion be granted on that basis. As a result, the Court declines to address Defendants' alternative arguments.

Exhaustion Standards

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). Such is the case here, as Defendants filed a Motion for Summary Judgment. Thus, the Court will treat the Motion as a Motion to Dismiss.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

2

exhausted." 42 U.S.C. § 1997e(a). When a grievance procedure is provided for prisoners, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added). Exhaustion of administrative remedies requires compliance with an agency's procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process. If their initial grievance is denied, prisoners must then file a timely appeal." *Bryant*, 530 F.3d at 1378 (internal citation and quotation marks omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "The critical function of the grievance process is that it provides the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toenniges v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* If, taking the plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant

3

bears the burden of proof during this second step. *Id.* In resolving the factual dispute, a court is authorized to make credibility determinations. *See Bryant*, 530 F.3d at 1377-78 (finding district court did not clearly err in determining plaintiff's allegation that he was denied access to grievance forms was not credible); *see also Whatley v. Smith*, 898 F.3d 1072, 1082-83 (11th Cir. 2018) (upholding district court's weighing of the evidence and credibility determination to find that one of the inmate's grievances was not filed). Further, since dismissal for failure to exhaust is not an adjudication on the merits, the court can resolve factual disputes using evidence from outside the pleadings. *Bryant*, 530 F.3d at 1376-77.

*TURNER* Step One

Defendants do not address whether Plaintiff's Recast Complaint is subject to dismissal under *Turner* Step One. However, having considered Plaintiff's allegations regarding exhaustion in his Recast Complaint (Doc. 8, at 3-4), and finding that he sufficiently alleges exhaustion of his remedies, the Court will proceed to the second *Turner* step and make specific findings based upon the evidence as submitted by the parties and resolve the disputed factual issues related to exhaustion.

*TURNER* Step Two: Specific Findings

In support of their Motion, Defendants submit the affidavit of Donald Mason, the now-retired Jail Administrator at Sumter. (Doc. 29-3, at 1). Attached to Mr. Mason's affidavit as exhibits are, in relevant part, the Inmate Handbook in effect at Sumter at the time of the incidents at issue, and records related to Plaintiff's grievances. (Docs. 29-4, 29-5, 29-6, 29-7).

The Inmate Handbook is given to each detainee at Sumter. (Doc. 29-3, at 2). There are three (3) steps to Sumter's grievance policy. At the first step, the grievance policy

4

requires a detainee to try to informally resolve the issue by alerting the floor officer or shift supervisor. (Doc. 29-4, at 24). At the second step, if the detainee is unsatisfied with the informal resolution, the detainee can file a written grievance within five (5) days. *Id.* The detainee will receive a written response within fifteen (15) days. *Id.* After a written response is given, the detainee may accept the written finding, or the detainee may take the third step and appeal to the Captain within three (3) days. *Id.*

Mr. Mason states that Plaintiff filed three (3) grievances: a July 15, 2024 grievance, an August 6, 2024 grievance, and an August 10, 2024 grievance. (Doc. 29-3, at 4-6 (citing Docs. 29-5, 29-6, 29-7)). According to Mr. Mason, Plaintiff did not file an appeal of any of the three (3) grievances after being notified that the grievances had been forwarded to relevant staff members. *Id.*

Plaintiff did not respond to Defendants' Motion for Summary Judgment, but his Recast Complaint alleges that Plaintiff "tried to appeal on the kiosk but the only result of this was an answer of forwarding to maintenance[.]" (Doc. 8, at 4).

*TURNER* Step Two: Resolving Disputed Factual Issues

Considering the facts and evidence, the Court makes the following findings to resolve the disputed factual issues. The Court finds that Plaintiff did not exhaust his administrative remedies prior to filing this court action.

Defendants contend that Plaintiff failed to exhaust because he failed to file an appeal of any of his three (3) grievances. (Doc. 29-1, at 7). As an initial matter, the August 10, 2024 grievance could not exhaust Plaintiff's administrative remedies for the simple fact that it was submitted on the same day that Plaintiff effectively filed this federal action. Although the Court received Plaintiff's initial Complaint on October 8, 2024, Plaintiff effectively filed this action on August 10, 2024, when he signed his initial Complaint.

(Doc. 1, at 1). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* As a result, because he filed the August 10, 2024 grievance the same day that he effectively filed his initial Complaint, the August 10, 2024 grievance could not have exhausted Plaintiff's administrative remedies prior to filing his federal action.

As to the July 15 and August 6, 2024 grievances, those grievances also failed to exhaust Plaintiff's administrative remedies because the record before the Court demonstrates that Plaintiff did not file an appeal of either grievance. "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process. If their initial grievance is denied, prisoners must then file a timely appeal." *Bryant*, 530 F.3d at 1378 (internal citation and quotation marks omitted). While Plaintiff alleges in his Recast Complaint that he tried to appeal his grievances, that allegation is not made under penalty of perjury, and Plaintiff failed to present evidence in response to Defendants' Motion for Summary Judgment, despite being warned that his failure to do so could result in the Court granting judgment to Defendants. (Doc. 30). Plaintiff was specifically notified that, as the party opposing summary judgment, he could not "simply rely on the pleadings." *Id.*

Further, after *Ross*, a proper *Turner* analysis

requires the plaintiff to allege a grievance procedure is unavailable to him in response to the defendant's affirmative defense of failure to exhaust. Responding with allegations that a prison system is unavailable allows the district court to complete the necessary analysis set forth in *Turner* for evaluating whether a defendant is entitled to have a complaint dismissed

6

for failure to exhaust.

*Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (citing *Turner*, 541 F.3d at 1082). "While the burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Id*. (citing *Turner*, 541 F.3d at 1085).

Here, Plaintiff did not file a response to Defendants' affirmative defense of failure to exhaust. As a result, all that is before the Court is Defendants' evidence and Plaintiff's unsworn allegations that are unsupported by any evidence. Consequently, Defendants' Motion for Summary Judgment treated as a Motion to Dismiss for failure to exhaust administrative remedies should be granted and Plaintiff's Recast Complaint be dismissed.

Having found that Defendants are entitled to summary judgment on that ground, the Court declines to consider Defendants' other asserted grounds.

## Conclusion

Having considered the factual allegations, made findings thereof, and resolved the factual disputes in accordance with the first and second *Turner* steps, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment treated as a Motion to Dismiss (Doc. 29) be **GRANTED**, and that Plaintiff's Recast Complaint be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the

7

district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. GA. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 13th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE