**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DAMION BURNS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CV-154 (LAG) |
| | : | |
| ERIC BRYANT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is the Court is the Magistrate Judge's Report & Recommendation (R&R). (Doc. 32). For the reasons below, the R&R is **ACCEPTED** and **ADOPTED**.

On October 8, 2024, Plaintiff Damion Burns, a prisoner in Central State Prison in Macon, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. (Docs. 1, 8). Shortly thereafter, Plaintiff filed a Recast Complaint and moved to proceed *in forma pauperis* (IFP). (Docs. 8, 9, 12). In his Recast Complaint, Plaintiff made claims against Defendants Eric Bryant, Lakendra Wakefield, and Don Mason for injuries he sustained while confined at Sumter County Law Enforcement Center. (Doc. 8 at 5–6). Upon review of the Recast Complaint, the Magistrate Judge granted Plaintiff's IFP Motion and allowed him to proceed with a claim for deliberate indifference under 42 U.S.C. § 1983 against Defendants. (Docs. 13, 14). After discovery, Defendants filed a Motion for Summary Judgment. (Doc. 29). Plaintiff never filed a response to the Motion. (*See* Docket). The Magistrate Judge issued an R&R recommending "that Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies, and that Plaintiff's Recast Complaint be dismissed." (Doc. 32 at 1). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. No party filed an objection. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). Unobjected-to portions of the R&R are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), (b)(3). If necessary, the Court may review factual issues de novo "to aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon full review and consideration of the record, the Court finds that the Magistrate Judge's R&R (Doc. 32) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Recast Complaint is **DISMISSED**.

**SO ORDERED**, this 2nd day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**